MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DELFINO VICTORIANO, *individually and on*
*behalf of others similarly situated,*

                            *Plaintiff,*

        -against-

TAISHO, INC. (d/b/a OH TAISHO), LEX 18
INC. (d/b/a YAKITORI TAISHO), YUMIKO
UMIYA, TAICHO DOE, and MICHAEL DOE,

                          *Defendants.*
-------------------------------------------------------X

                       **COMPLAINT**

        **COLLECTIVE ACTION UNDER**
             **29 U.S.C. § 216(b)**

                  **ECF Case**

      Plaintiff Delfino Victoriano ("Plaintiff Victoriano" or "Mr. Victoriano"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Taisho, Inc. (d/b/a Oh Taisho), Lex 18 Inc.

(d/b/a Yakitori Taisho), ("Defendant Corporations"), Yumiko Umiya, Taicho Doe, and Michael

Doe ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

                **NATURE OF ACTION**

      1.     Plaintiff Victoriano is a former employee of Defendants Taisho, Inc. (d/b/a Oh

Taisho), Lex 18 Inc. (d/b/a Yakitori Taisho), Yumiko Umiya, Taicho Doe, and Michael Doe.

      2.     Defendants own, operate, or control two Japanese restaurants, one located at 9 St.

Marks Pl., New York, N.Y. 10003 under the name "Oh Taisho" and one at 5 St. Marks Pl., New

York, NY 10003 under the name "Yakitori Taisho".

      3.     Upon information and belief, individual Defendants Yumiko Umiya, Taicho Doe,

and Michael Doe serve or served as owners, managers, principals, or agents of Defendant

Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.     Plaintiff Victoriano was an employee of Defendants.

5.     Plaintiff Victoriano was employed as a waiter at the restaurants located at 9 St. Marks Pl., New York, NY 10003 and 5 St. Marks Pl., New York, NY 10003.

6.     At all times relevant to this Complaint, Plaintiff Victoriano worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Victoriano appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Victoriano the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants employed and accounted for Plaintiff Victoriano as a waiter in their payroll.

10.     At all relevant times, Defendants paid Plaintiff Victoriano at the tip-credit rate.

11.     Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Victoriano's and other tipped employees' tips and made unlawful deductions from Plaintiff Victoriano's and other tipped employees' wages.

12.     Defendants' conduct extended beyond Plaintiff Victoriano to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Victoriano and other employees to work in excess of forty (40) hours per week without providing the minimum wage  and overtime compensation required by federal and state law and regulations.

14.     Plaintiff Victoriano now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiff Victoriano now seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Victoriano's state law claims under 28 U.S.C. § 1367(a).

17.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Japanese restaurants  located in this district. Further, Plaintiff Victoriano was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

18.     Plaintiff Delfino Victoriano ("Plaintiff Victoriano" or "Mr. Victoriano") is an adult individual residing in Queens County, New York.

19.     Plaintiff Victoriano was employed by Defendants at Oh Taisho from approximately September 2010 until on or about October 23, 2020.

20.     Plaintiff Victoriano consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled two Japanese restaurants, located at 9 St. Marks Pl., New York, N.Y 10003 under the name "Oh Taisho" and 5 St. Marks Pl., New York, NY 10003 under the name "Yakitori Taisho".

22.     Upon information and belief, Taisho, Inc. (d/b/a Oh Taisho) is a domestic corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 9 St. Marks Pl., New York, N.Y. 10003.

23.     Upon information and belief, Lex 18 Inc. (d/b/a Yakitori Taisho) is a domestic corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 5 St. Marks Pl., New York, N.Y. 10003.

24.     Defendant Yumiko Umiya is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yumiko Umiya is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Yumiko Umiya possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Victoriano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Taicho Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Taicho Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Taicho Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant

Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Victoriano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Michael Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Doe is sued individually in his capacity as a manager, officer and/or agent of Defendant Corporations. Defendant Michael Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Victoriano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

27.     Defendants operate two Japanese restaurants located in the East village area in Manhattan.

28.     Individual Defendants, Yumiko Umiya, Taicho Doe, and Michael Doe possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Victoriano's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Victoriano, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Victoriano (and all similarly situated employees) and are Plaintiff Victoriano's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Victoriano and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Yumiko Umiya and Taicho Doe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Victoriano's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff

Victoriano, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Victoriano's services.

35.     In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Victoriano is a former employee of Defendants who was employed as a waiter.

38.     Plaintiff Victoriano seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Delfino Victoriano*

39.     Plaintiff Victoriano was employed by Defendants from approximately September 2010 until on or about October 23, 2020.

40.     Defendants employed Plaintiff Victoriano as a waiter.

41.     Plaintiff Victoriano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.     Plaintiff Victoriano's work duties required neither discretion nor independent judgment.

43.     From approximately January 2015 until on or about October 2017, Plaintiff Victoriano worked as a waiter from approximately 4:00 p.m. until on or about 1:00 a.m., Mondays, Wednesdays, Thursdays and Sundays and from approximately 4:00 p.m. until on or about 1:00 a.m. to 4:00 a.m., Fridays and Saturdays (typically 45 to 49 hours per week).

44.    From approximately November 2017 until on or about December 2018, Plaintiff Victoriano worked as a waiter from approximately 6:00 p.m. until on or about 1:00 a.m., Tuesdays, Wednesdays, Thursdays and Sundays and from approximately 6:00 p.m. until on or about 1:00 a.m. to 4:00 a.m., Fridays and Saturdays (typically 35 to 38 hours per week).

45.    From approximately January 2019 until on or about October 23, 2020, Plaintiff Victoriano worked as a waiter from approximately 4:00 p.m. until on or about 11:00 p.m., Wednesdays and Thursdays and from approximately 4:00 p.m. until on or about 1:30 a.m. to 2:00 a.m., Fridays, Saturdays and Sundays (typically 44.5 to 45 hours per week).

46.    Throughout his employment, Defendants paid Plaintiff Victoriano his wages by check.

47.    From approximately November 2014 until on or about October 2017, Defendants paid Plaintiff Victoriano $9.50 per hour.

48.    From approximately November 2017 until on or about December 2018, Defendants paid Plaintiff Victoriano $9.75 per hour.

49.    From approximately January 2019 until on or about October 23, 2020, Defendants paid Plaintiff Victoriano $10.00 per hour.

50.    Plaintiff Victoriano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.    For example, from approximately January 2015 until on or about December 2018, Defendants required Plaintiff Victoriano to work 1 to 3 hours past his scheduled stop time on Fridays and Saturdays, and did not pay him for the additional time he worked.

52.    Similarly, from approximately January 2019 until on or about October 23, 2020, Defendants required Plaintiff Victoriano to work one additional hour past his scheduled stop time on Fridays and Saturdays, and did not pay him for the additional time he worked.

53.    Defendants only granted Plaintiff Victoriano two 5 minute breaks.

54.    Nevertheless, throughout his employment, Defendants deducted $19 to $20 from Plaintiff Victoriano's weekly paycheck for meals he never ate.

55.    Plaintiff Victoriano was never notified by Defendants that his tips were being included as an offset for wages.

56.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Victoriano's wages.

57.    Defendants withheld a portion of Plaintiff Victoriano's tips; specifically, from approximately January 2015 until on or about December 2018, Defendants withheld approximately 10% of all of his tips.

58.    On a number of occasions, Defendants required Plaintiff Victoriano to sign a document, the contents of which he was not allowed to review in detail; specifically defendants threatened Plaintiff Victoriano that they would fire him if he did not sign the documents, and they never translated the contents of the documents he was being forced to sign.

59.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Victoriano regarding overtime and wages under the FLSA and NYLL.

60.    Defendants did not provide Plaintiff Victoriano an accurate statement of wages, as required by NYLL 195(3).

61.    In fact, Defendants adjusted Plaintiff Victoriano's paystubs so that they reflected inaccurate wages and hours worked.

62.    Defendants took improper and illegal deductions from Plaintiff Victoriano's wages; specifically, throughout his entire employment, Defendants deducted $19 to $20 from Plaintiff Victoriano's paycheck for meals he did not eat.

63.    Defendants did not give any notice to Plaintiff Victoriano, in English and in Spanish (Plaintiff Victoriano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

64.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Victoriano (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

65.     Plaintiff Victoriano was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66.     Defendants' pay practices resulted in Plaintiff Victoriano not receiving payment for all his hours worked, and resulting in Plaintiff Victoriano's effective rate of pay falling below the required minimum wage rate.

67.     Defendants habitually required Plaintiff Victoriano to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

68.     Plaintiff Victoriano and all other tipped workers were paid at the tip-credit rate by Defendants.

69.     Defendants failed to inform Plaintiff Victoriano who received tips that Defendants intended to take a deduction against Plaintiff Victoriano's earned wages for tip income, as required by the NYLL before any deduction may be taken.

70.     Defendants failed to inform Plaintiff Victoriano who received tips, that his tips were being credited towards the payment of the minimum wage.

71.     Defendants failed to maintain a record of tips earned by Plaintiff Victoriano for the tips he received.

72.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Victoriano who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving

Plaintiff Victoriano and all other waiters of a portion of the tips earned during the course of employment.

73.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

74.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

75.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Victoriano worked.

76.     Defendants required Plaintiff Victoriano to sign a document the contents of which he was not allowed to review.

77.     Defendants issued check stubs for Plaintiff Victoriano which falsely stated that they paid him for fewer hours than those he actually worked.

78.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Victoriano (and similarly situated individuals) worked, and to avoid paying Plaintiff Victoriano properly for his full hours worked.

80.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

81.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Victoriano and other similarly situated former workers.

82.      Defendants failed to provide Plaintiff Victoriano and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.      Defendants failed to provide Plaintiff Victoriano and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.      Plaintiff Victoriano brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

85.      At all relevant times, Plaintiff Victoriano and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

86.     The claims of Plaintiff Victoriano stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

87.     Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Victoriano's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Victoriano (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

91.     Defendants failed to pay Plaintiff Victoriano (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

92.     Defendants' failure to pay Plaintiff Victoriano (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Victoriano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

94.     Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Victoriano (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants' failure to pay Plaintiff Victoriano (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

97.     Plaintiff Victoriano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

98.     Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

99.     At all times relevant to this action, Defendants were Plaintiff Victoriano's (and the FLSA Class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Victoriano, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

100.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Victoriano (and the FLSA Class members)less than the minimum wage.

101.     Defendants' failure to pay Plaintiff Victoriano (and the FLSA Class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Victoriano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

103.    Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Victoriano (and the FLSA Class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105.    Defendants' failure to pay Plaintiff Victoriano (and the FLSA Class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

106.    Plaintiff Victoriano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

107.    Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to pay Plaintiff Victoriano(and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Victoriano's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

109.     Defendants' failure to pay Plaintiff Victoriano(and the FLSA Class members') an additional hour's pay for each day Plaintiff Victoriano's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

110.     Plaintiff Victoriano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

111.      Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

112.     Defendants failed to provide Plaintiff Victoriano with a written notice, in English and in Spanish (Plaintiff Victoriano's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

113.     Defendants are liable to Plaintiff Victoriano in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

114.      Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

115.     With each payment of wages, Defendants failed to provide Plaintiff Victoriano with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

116.     Defendants are liable to Plaintiff Victoriano in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

117.      Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

118.     At all relevant times, Defendants were Plaintiff Victoriano's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

119.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

120.     Defendants unlawfully misappropriated a portion of Plaintiff Victoriano's tips that were received from customers.

121.     Defendants knowingly and intentionally retained a portion of Plaintiff Victoriano's tips in violations of the NYLL and supporting Department of Labor Regulations.

122.     Plaintiff Victoriano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

123.     Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

124.     At all relevant times, Defendants were Plaintiff Victoriano's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

125.     Defendants made unlawful deductions from Plaintiff Victoriano's wages including, but not limited to, deductions for meals he never ate.

126.     The deductions made from Plaintiff Victoriano's wages were not authorized or required by law.

127.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Victoriano's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

128.     Plaintiff Victoriano was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victoriano respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Victoriano and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Victoriano and the FLSA Class members;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Victoriano and the FLSA Class members;

(e)      Awarding Plaintiff Victoriano and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Victoriano and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Victoriano;

(h)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Victoriano;

(i)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Victoriano(FLSA Class members);

(j)      Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Victoriano's and members of the FLSA Class compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

(l)     Awarding Plaintiff Victoriano and members of the FLSA Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)    Awarding Plaintiff Victoriano and members of the FLSA Class damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Victoriano and members of the FLSA Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Victoriano and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Victoriano and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Victoriano demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

January 18, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:       /s/ Michael Faillace

Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 27, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Delfino Victoriano

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              27 de Octubre 2020