# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
_____

michael@faillacelaw.com

September 22, 2021

**BY ECF**
Honorable Sarah Cave
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

　　Re:　Delfino Victoriano v. Taisho, Inc. Et al ; 21-cv-00426

Your Honor:

　　This office represents Plaintiff Delfino Victoriano in the above referenced matter. Plaintiff writes jointly with Defendants Taisho, Inc. and Yumiko Umiya (collectively, "Defendants") to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

　　The parties have agreed to a negotiated settlement ("Agreement"). A copy of the Agreement is attached hereto as "Exhibit A."　We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

## 1. Background

　　Plaintiff filed this Complaint against Defendants and Lex 18 Inc., Taicho "Doe", and Michael "Doe" alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq*., spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

　　Plaintiff contends that he was employed as a waiter at Defendants' downtown Japanese restaurant from September 2010 until October 23, 2020. He alleges that Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, notice and recordkeeping violations, unpaid spread of hours, and unlawful deductions from tips and wages.

　　Defendants dispute all of Plaintiff's claims. As the documentary evidence shows, Plaintiff was, at all times relevant, paid overtime at time-and-a-half the applicable rate for all hours worked beyond forty in a workweek. Though Plaintiff did not commonly work overtime hours, he did have many weeks where he did perform overtime work. Such weeks and hours were paid at the correct

Page 2

overtime rate. Plaintiff was also paid in excess of the applicable minimum wage rate for all hours worked. Plaintiff was responsible for and did in fact punch in and out each day. Plaintiff's punch records show that Defendants tracked Plaintiff's time <u>to the minute</u> and paid him to the closest ¼ of an hour, in most instances rounding up. In sum, the records demonstrate that Plaintiff was always paid the correct cash wage (as well as overtime rate) for New York City employees. To that end, Defendants similarly took the correct tip credit against the minimum wage rate as well. Accordingly, Plaintiff's overtime and minimum wage claims have no merit.

With respect to Plaintiff's argument that he is owed spread of hours pay, such fact is unavailing. Plaintiff's normal work schedule spanned 7-9 hours, at most. Accordingly, he never worked more than 10 hours in a day. If he did, it was not known to Defendants and Plaintiff would not be entitled to spread of hours pay. Next, Plaintiff's argument that Defendants somehow misappropriated his tips or deducted meals that he did not eat is incorrect. Defendants have a tip policy which was followed throughout the relevant time period, which permits Plaintiff to keep all earned tips.

Further, Plaintiff's contention that Defendants deducted meal breaks when Plaintiff did not eat is incorrect and not backed by any evidence. Rather, the evidence shows that Defendants paid Plaintiff during his meal breaks, which is above and beyond what the law requires. Lastly, Plaintiff's wage notice claim is refuted by the fact that Plaintiff did receive a wage notice form (in English and Spanish). Similarly, Plaintiff's wage statement claim is refuted by the weekly wage statements that Plaintiff received throughout his employment with Defendants. For the reasons above, Plaintiff would recover very little, if anything, at trial.

2. **Settlement Terms**

The Plaintiff alleges that based on his recollections, he would be entitled to $40,857.88 in back wages. While he does not concede the accuracy of records, when calculations were performed based on the time records that Defendants produced, the Plaintiff estimates that he would be entitled to approximately $6,980.50 in back wages.

The parties have agreed to settle this action for the total sum of $12,500.00. The settlement shall be paid in full within thirty days of approval.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

While Plaintiff stands by his claims, the Defendants have produced extensive records which would seriously complicate his case with regard to proving his hours worked and wages received, as well the legitimacy of his status as a tipped worker and the sustainability of his recordkeeping claims. Thus, taking into consideration the uncertainty of success and the extensive

Page 3

time that would be required to prove the key issues, the Plaintiff feels that settling for a lower sum at this early juncture is a satisfactory result.

Considering the risks in this case outlined above, Plaintiff believes that this settlement should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $4,125.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $ 2,227.50. A copy of Plaintiff's billing record is attached as "Exhibit B." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.    My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School

Page 4

of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      ii.      Clela A. Errington is an associate at Michael Faillace & Associates, P.C. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joined Michael Faillace & Associates in 2020. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                Respectfully submitted,

                /s/
                Michael Faillace
                MICHAEL FAILLACE & ASSOCIATES, P.C.
                Attorneys for the Plaintiff

Enclosures

4831-3704-4476.1 / 111658-1001